PEOPLE *v.* WARREN

CRIMINAL LAW—DEFENSES—INSANITY—INSTRUCTIONS TO JURY.
  The rule requiring that, where the defense of insanity is properly
    before the jury, upon the defendant's timely request the court
    must instruct the jury informing them of defendant's disposi-
    tion if he is found not guilty by reason of insanity is retro-
    actively applicable to all trials before December 2, 1969,
    where the issue has been properly preserved for appeal.

Appeal from Recorder's Court of Detroit, Joseph
A. Gillis, J. Submitted Division 1 December 12,
1970, at Detroit. (Docket No. 9271.) Decided June
25, 1971.

Robert Earl Warren was convicted of kidnapping,
assault with intent to rape, and gross indecency.
Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Patricia J. Boyle,*
Assistant Prosecuting Attorney, for the people.

*Gerald Brock,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 45.
Instructions in criminal case in which defendant pleads insanity
  as to his hospital confinement in the event of acquittal. 11 ALR
  3d 737.

Before:  Lesinski, C. J., and Levin and O'Hara,* JJ.

Per Curiam.  The defendant, Robert Earl Warren, appeals his conviction of kidnapping and assaulting a woman with intent to rape her and committing an act of gross indecency with her.[1]

Before the trial commenced a notice that the defendant would advance an insanity defense was filed.[2] The defendant timely requested that the judge charge the jury in accordance with the so-called *Lyles* rule.[3]

In *People* v. *Cole* (1969), 382 Mich 695, 720, a majority of the Michigan Supreme Court expressed its agreement with the *Lyles* rule.  In *People* v. *Hampton* (1971), 384 Mich 669, the Michigan Supreme Court held that *Cole* would apply retroactively to cases where the issue had been properly preserved for appeal and affirmed our Court's decision reversing Hampton's conviction and granting him a new trial.  On the same day that *Hampton* was decided, the Supreme Court, on the authority of *Hampton,* reversed another conviction and granted the defendant in that case a new trial.  See *People* v. *Eisenberg* (1971), 384 Mich 727.

Under the majority opinions of the Supreme Court in *Hampton* and *Eisenberg* we are obligated to reverse and remand for a new trial.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.349 (Stat Ann 1954 Rev § 28.581); MCLA § 750.85 (Stat Ann 1962 Rev § 28.280); MCLA § 750.338b (Stat Ann 1954 Rev § 28.570[2]).

[2] MCLA § 768.20 (Stat Ann 1954 Rev § 28.1043).

[3] *Lyles* v. *United States* (1957), 103 App DC 22 (254 F2d 725).